cause it has found the defendant *guilty.* But he has confessed his guilt, by his plea in bar ; besides, he must be found guilty, before the Court can make an order. These prosecutions are so far of a criminal nature, that the Court always find the facts. The finding is, therefore, correct. If it were not, it would be merely surplusage. But the plea of *not guilty* was before the Court ; it appears upon the record ; and it was proper for the Court to answer it.

The Court, it is true, have not stated, that the woman was examined. They are not obliged to detail the evidence, which was exhibited.

Perhaps too, it is not necessary, in a prosecution by select men, that the mother should be examined, if the fact can otherwise be made out ; for she may have absconded.

By the Court,

The judgment was affirmed.

## Deming *v.* Taylor.

In the Court below,

Julius Deming, and Joseph Lyman, executors of *Lynde Lord,* Esq. *Plaintiffs;* David Taylor, *Defendant.*

THIS was an action on the case, stating, that *Taylor* brought his action against *Lord,* as sheriff, declaring that one *Gunn* was committed to gaol, upon an execution in favor of *Taylor,* and that *Lord* suffered *Gunn,* freely and voluntarily to go at large, and escape from prison, against the will of *Taylor.* *Lord* pleaded, and the Court

An action on the case, for expences incurred, in defending against a groundless suit, cannot be maintained by the executor of such defendant.

found, that *Taylor* consented, that *Gunn* should depart from prison; and judgment was rendered for *Lord.* The plaintiffs alleged, that *Taylor* secretly, and unknown to *Lord,* permitted, and procured *Gunn* to leave the prison, to compel *Lord* to pay the debt; and *Lord, in employing counsel, and procuring evidence, necessarily expended a large sum,* above the costs he recovered.

To this declaration, the defendant, in the County Court, pleaded in abatement, that he had not been benefited, nor the assets of *Lord* injured, by said wrong, for the expences of the suit were borne by one *Reuben Webster,* and the right of action died with *Lord.* The plaintiffs traversed that the expences of the suit were borne by *Webster;*—to which there was a demurrer. The County Court rendered judgment that the replication was sufficient. That judgment was reversed in the Superior Court.

*Gould,* for the plaintiffs in error.

The statute *de bonis asportatis* has been construed liberally. It has been construed to extend to administrators, as well as executors; to goods *converted,* as well as to goods carried away. An executor may maintain an action of ejectment for a chattel real, or a suit against a sheriff, for a false return, or for an escape, although the escape happened in the life of the testator. (*a*) So he may maintain trover for goods converted in the life of the testator; (*b*) so for trespass upon property. (*c*)

The common law maxim, that *actio personalis moritur*

(*a*) 4 *Mod.* 403, *Williams* v. *Carey.* 1 *Salk.* 12. *s. c. Pop.* 189, *Lemasons* and *Dickson's* case. 4 *Term Rep.* 280, *Cockerill* v. *Kynaston.*
(*b*) *Esp. Dig.* 578.                    (*c*) *Griswold* v. *Brown,* ante 180.

*cum personâ*, is not even generally true, says Lord MANS-FIELD, in the celebrated case of *Hambly* v. *Trott*. (*d*) Because an action for such an injury would not lie *against* an executor of a person deceased, it does not follow, that an action will not lie *in favor* of an executor. In the one case, the only question is, has the assets of the deceased been benefited; in the other, has the property of the deceased been injured? And whether the injury was done, during the life of the testator, or not, is of no importance, so that the suit be against the original wrong doer, not against his executor. The maxim, as applied to an executor plaintiff, is confined to injuries done to the *person* of the testator, as assaults, imprisonment, slander, adultery, &c. (*e*)

In this case, have not the assets of sheriff *Lord* been injured? We complain only of the injury to his property. His personal liberty and security were not violated. We do not complain of the injury as vexatious merely, but as having *occasioned expence;* and expence has been considered as a good ground of action. (*f*)

*Daggett*, and *Sterling*, for the defendant in error.

The rule of the common law, that personal actions die with the person, is admitted. The question now is as to the applicability of that rule, or as to the *gist* of an action for a malicious prosecution. The gist of such an action may be determined by the statement required in the declaration. It is necessary to state something besides a loss of property. The ground may be merely the

(*d*) *Cowp.* 574.　　　　(*e*) 3 *Bla. Com.* 302.　*Cowp.* 372.
(*f*) *Esp. Dig.* 528.　1 *Salk.* 13, *Saville* v. *Roberts.*　1 *Stra.* 691, *Jones* v. *Gwynne.*　*Styles* 379.　10 *Mod.* 148.

1804.

DEMING
v.
TAYLOR.

danger of imprisonment; and the plaintiff may recover, though he has not paid a cent. As in actions of slander, the Court will presume damage, so in this action expence will be presumed. It is no justification in an action for a malicious prosecution, that the plaintiff had paid nothing, or that his reputation or person was not injured. But the Court would say, that it was, *per se*, evidence of damage, and the expence might be taken into consideration to encrease the damages.

Because Justice *Blackstone* remarks, that actions for slander, false imprisonment, &c. do not survive to the executor, it does not follow, that all others do survive. These are mentioned only by way of example.

The injury here, if any, was merely to the person, and the expence is consequential to that injury. The action cannot, therefore, survive.

The cases cited by the Counsel for the plaintiff, are cases, where the *person of the testator* is not effected, *but only the property*, as for escape, &c. In *Griswold* v. *Brown*, the action regarded property only, and a rule of damages was given. There, too, the deceased recovered judgment before his death, and the case in this Court was upon a petition for a new trial. The right of executors extends only to property. If they had omitted to bring this suit, they would not have been liable on their bond. They can recover only where a specific rule of damages is given, not where the jury may give vindictive damages; for it is unjust, that they, who are accountable only for the personal property, should recover more than the damage done to that property.

In such cases, our legislature have allowed threefold

the damage sustained; and can the court sever these damages, and say, part is given for the injury done to the person, and part for the injury to the property? Wherever the damages are presumptive, the action dies with the person. Wherever the *gravamen* is an injury to *the person*, the action dies with that person. If a declaration would have been good without stating the expence incurred, the stating of that expence cannot vary the nature of the action. Besides, in this declaration, neither malice, nor want of probable cause is stated, which must always be stated in suits of this kind.

*Gould* in reply. The action for malicious prosecution may be brought for an injury to the reputation, to personal security, or personal liberty, or for expence only. The *gist* of the action is compounded of the wrong, and the subsequent injury. The gist of this action is the *expence*. In actions for slander of title, and for words not actionable in themselves, there must be a *per quod*, shewing how the party has been injured. There, the *gravamen* comes under the *per quod*. Here, the fraudulent design, followed by the expence, is the ground of action.

It is said, that the cases cited are those where property only is concerned. Such, it is contended, is this case.

It is objected, that vindictive damages may be given. But such damages can no more be given in this case, than in an action of trover, or an action for fraud, where damages may be given to the amount of the property.

*Griswold* v. *Brown* is said to be a petition for a new trial. But after that petition was granted, the case was again tried on the merits.

O o

It is objected, that no malice is alleged. But any improper or wicked motives are considered malicious in our law ; and improper motives are surely alleged in this declaration.

It is said, want of probable cause is not alleged. That is necessary in actions for malicious prosecutions, but not in those founded on civil suits. In actions for maliciously holding to bail, or for suing before a court, which had no jurisdiction, it would be ridiculous, as well as nugatory, to say, that the party had no probable cause.

In this case, the declaration would not be good, without the *per quod*, stating the injury to the property.

BY THE COURT,

The judgment was affirmed.

## Denslow *v.* Moore.

### In the Court below,

HANNAH MOORE, *Appellant ;* REUBEN DENSLOW, *Appellee.*

A writ of error is brought against A. B. C. and D. in which C. and D. are described as of Southampton in Massachusetts ; A. and B. plead in abatement, that no service has been made upon C. and D. alleging that C. and D. are of Windsor in this State, and *traversing* their being of *Southampton* in Massachusetts ; this plea is bad, the fact traversed being an immaterial one.

AN appeal was taken from the Court of Probate, approving the will of *Kezia Barber*, and the judgment of the Court of Probate disaffirmed by the Superior Court. In the writ of error to this Court, the heirs at law were made defendants. *Benjamin Moore, Philander Moore, Simeon Moore, Eldad B. Moore, Timothy Cooke, Hannah Cooke, Edward Phelps, Azubah Phelps, Lucinda Mather,*